**Jose E. BORRERO–RENTERO, and Ana Soto Reyes, individually and as sole and universal heirs of decedent Roberto Borrero–Soto; Migdalia Borrero–Soto, Jose M. Borrero–Soto and Candida Gonzalez in representation of their minor child plaintiff Elaine Borrero–Gonzalez, Plaintiffs,**

**v.**

**Captain Cerda RIVERA, Sergeant Tomas Burgos–Reyes, Elsa Ocasio–Collazo, Rafael Escobar–Vargas, Angel M. Zapata–Melendez, Ramon Rivera–Rentas, Carlos Carrion–Maldonado, the Municipality of Ponce, a number of Pat Poes, Six Mark Moes, each individually, and a number of Unknown Supervisors, Defendants.**

**Civ. No. 90–1094CCC.**

United States District Court, D. Puerto Rico.

March 27, 1991.

**6**

Juan R. Acevedo–Cruz, Hato Rey, P.R., for plaintiffs.

Héctor Rivera–Cruz, Secretary of Justice by Carlos E. Rodríguez–Quesada, Director, Federal Litigation Div., and Modesta del Carmen Alberty, Attorney, Dept. of Justice, Com. of P.R., San Juan, P.R., for defendants.

## ORDER

CEREZO, District Judge.

This action is before us on defendants' Motion to Dismiss Pursuant to 12(b) (docket entry 7) in which it is alleged that plaintiffs Migdalia Borrero–Soto, José Manuel Borrero–Soto, Elaine Borrero–González and Cándida González lack standing to sue in this case. In their opposition to the motion (docket entry 10) defendants correctly point out that José M. Borrero–Soto and Cándida González are making no claims of their own but are merely present in representation of their minor daughter Elaine Borrero–González. Accordingly, the only plaintiffs actually here whose claims are in issue are Migdalia Borrero–Soto and Elaine Borrero–González, sister and niece of the decedent Roberto Borrero–Soto, respectively.

The basis of the dismissal motion is these relatives' lack of a Section 1983 claim under the doctrine of cases such as *Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir.1986), wherein the Fifth Circuit held that a wife who watched as police fired upon her husband, but was not fired upon herself, and who was not directly involved in the incident, lacked standing to bring a valid claim under 42 U.S.C. § 1983.

Plaintiffs in their opposition, however, compare themselves not to Coon's wife, but rather Coon's daughter, who was in the trailer with her father and was caught in the shootout. The description of the events in *Coon* which gave rise to the daughter's own cause of action is as follows:

... Whatever be their right as bystanders to recover under state tort law, we are persuaded that [the daughter] made the proof of personal loss required for a constitutional claim, but that [the mother] did not. There was no evidence that any act of the deputies was directed toward [the mother]; she was not directly involved in the shooting and was with the deputies when it occurred. [The daughter], however, was in the trailer. There was evidence that Coon staggered into his trailer and while he was there attempted to protect [her] from the gunfire, and there was evidence that deputy Gussberry fired a round of heavy buckshot into the trailer at that time. Further, the jury could have concluded that the deputies knew or should have known that other persons besides Billy Dan Coon were in the trailer, so that the requisite level of reckless conduct, as we will discuss, was met.

*Coon, supra,* at pp. 1160–1161.

In the case at bar plaintiffs state Elaine Borrero–González' claim in paragraph ten:

10. Plaintiff Elaine Borrero González, a seven year old child in her grandparents' home, *was exposed to violence* and to the violent death of her uncle, whom she saw and treated with on a daily basis. The *fear and suffering she underwent,* and the trauma and the long lasting traumatic effects, *of witnessing her uncle's suffering and violent death,* violate her federal constitutional right not to be deprived of her liberty without the due process of law in that punishment was inflicted on her without any semblance of

due process. Her rights to normal development, to an education and her other personhood rights, guaranteed to her by specific amendments or the totality of the Bill of Rights and the Fourteenth Amendment were also violated. She has suffered since these events changes in her general behaviour and in her school performance which result from the traumatic experience she underwent.

(Emphasis ours.)

Plaintiff Migdalia Borrero–Soto's claim is stated at paragraph eleven:

11. Plaintiff Migdalia Borrero shared the family home with her brother, decedent Roberto Borrero. She had close familial, emotional and religious relations with him. She was also present during the events that led up to and caused her brother's death. *Her pain and suffering in witnessing these events including her brother's violent death,* are also a violation of her right not to have her liberty without the due process of law since this is the infliction of punishment without due process. The *termination of her relationship with her brother* by his unlawful death is also a violation of her right to familial relationships and her personhood rights as guaranteed to her by specific amendments or the Bill of Rights and the Fourteenth Amendment.

(Emphasis ours.)

The salient facts, as generally stated in the complaint are as follows:

The police were called *by the family* because the decedent, who had a history of mental illness was in a violent state, had armed himself with a machete and had attacked a car near his home. By the time the police arrived at the scene Roberto Borrero–Soto had retreated to his bedroom with the machete. When he left the bedroom and came towards the front of the house, he was shot by the police.

As stated in the claims above, Elaine bases her claim on her exposure to violence in that she witnessed her uncle's suffering and violent death. Likewise, Migdalia's claim is based upon her witnessing these events, as well as the "termination of her relationship with her brother by his unlawful death."

There is no allegation that these individuals were caught in the cross fire or that their own lives were endangered by the police action. It would seem that, although it would certainly be traumatic to witness such events, they fall more into the category of Mrs. Coon than her daughter. While they may very well have actions in tort under Puerto Rico law, no such claims have been presented to this court. Accordingly, the Motion to Dismiss is GRANTED and the actions by Migdalia Borrero–Soto and by José M. Borrero Soto and Cándida González in representation of their minor child plaintiff Elaine Borrero–González are DISMISSED.

SO ORDERED.